**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin (253265)
david@kazlg.com
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
245 Fischer Ave, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIANET BUSHNELL,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC,<br><br>Defendant. | Case No.: '25CV2368 W    VET<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.*; AND,**<br><br>2. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

- 1 -
COMPLAINT

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.,* to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has also determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff **VIANET BUSHNELL** ("Plaintiff") through Plaintiff's attorneys, brings this lawsuit to challenge the illegal actions of defendant **CREDIT CONTROL, LLC** ("Defendant") with regard to attempts by Defendant, who is a debt collector, to unlawfully and abusively collect an alleged debt from Plaintiff.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b).

- 2 -
COMPLAINT

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant was knowing and intentional, and that the Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of the Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k) and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of violations of: (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); and (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17, *et seq*. ("RFDCPA").

10. Because Defendant conducts business within the State of California and in the County of San Deigo, personal jurisdiction is established.

11. Further, the events leading to Plaintiff's cause of action occurred in County of San Deigo and the State of California.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Deigo, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducts business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in the County of San Deigo, State of California, from whom a debt collector sought to collect a consumer debt, which was alleged to be due and owing from Plaintiff.

14. Plaintiff is also, and at all times mentioned herein was, a "person" as defined by Cal. Civ. Code § 1788.2(g).
15. Plaintiff is also a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
16. Plaintiff is informed and believes, and thereon alleges, that Defendant is Missouri Limited Liability Company, with its principal place of business located at 3300 Rider Trail S, Suite 500, Earth City, MO 63045.
17. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of itself, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).
18. Defendant also uses "instrumentality of interstate commerce or the mails in any business" where "the principal purpose of which is the collection of any debts" and "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" and is therefore a "debt collector" as that term is defined by 15 U.S.C § 1692a(6).
19. Defendant is, and at all times mentioned herein was, a "person" as defined by Cal. Civ. Code § 1788.2(g).
20. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f). As well as arising out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

**FACTUAL ALLEGATIONS**

21. At all times relevant, Plaintiff is an individual residing within the State of

- 4 -
COMPLAINT

1   California.

2   22. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California, including within the County of San Diego.

23. Sometime during 2023, Plaintiff allegedly incurred a consumer debt to Capital One, N.A. ("Capital One") associated with an account number ending in 2811 (the "Account").

24. Sometime thereafter, Capital One is believed to have sold the debt associated with the Account to LVNV Funding, LLC ("LVNV"). LVNV then retained Defendant to act as a debt collector on the Account.

25. On or about July 28, 2025, Defendant emailed Plaintiff's sister Angelica Aldana ("Angelica") about the debt associated with the Account.

26. This July 28, 2025 email was sent to an email address solely utilized by Angelica and which had Angelica's first and last name in the email address itself. Plaintiff has never utilized this email address for any purpose.

27. The July 28, 2025 email included part of the Account number; the amount of the debt allegedly owed; and that Capital One was the original creditor who sold the alleged debt to LVNV. The July 28, 2025 email also included various settlement options for Plaintiff to settle the alleged debt.

28. Plaintiff is the sole owner of the Account. Angelica had no prior knowledge of the Account nor is she associated with the Account in any manner. Angelica is also not Plaintiff's spouse, parent, guardian, executor, or administrator.

29. Defendant sent Angelica two more emails about the Account on August 5, 2025 and August 13, 2025.

30. Upon learning that Defendant had unlawfully disclosed information relating to Plaintiff's alleged debt to Angelica, Plaintiff became extremely distraught especially because Plaintiff places importance on keeping her financial information private and does not disclose to her family or friends the status of her

finances, including any alleged debts owed.

31. Plaintiff immediately felt shame, embarrassment, anger, frustration, annoyance and an invasion of privacy by Defendant's actions. Plaintiff also lives in constant fear that Defendant will contact additional third parties and disclose her financial information.

32. As a direct result, Plaintiff suffered concrete harm including emotional distress, embarrassment, and reputational damage. Plaintiff experienced anxiety and stress due to the fear of being judged by others and the breach of her privacy.

33. The FDCPA recognizes that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

34. "Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*.

35. 15 U.S.C. § 1692b expressly states that when a debt collector communicates with "any person other than the consumer for the purpose of acquiring location information about the consumer" that the debt collector shall "identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer."

36. That section further states that debt collectors <u>shall not state that the consumer owes any alleged debt.</u> *Id.*

37. Additionally, 15 U.S.C. § 1692c states that "[e]xcept as provided in section 1692b . . .without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, <u>a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer</u>, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the

- 6 -
COMPLAINT

debt collector." *Id.* (emphasis added).

38. Upon information and belief, Defendant sent the emails to Angelica to attempt to induce Plaintiff into making a payment on the Account.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692b by contacting Angelica concerning the alleged debt on the Account for a purpose other than to determine Plaintiff's location and disclosing that Plaintiff owes an alleged debt and the amount of such alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Defendant violated 15 U.S.C. § 1692c by contacting Angelica concerning the alleged debt on the Account and disclosing that Plaintiff owes an alleged debt and the amount of such alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

41. Through this conduct, Defendant also violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

42. As a direct result of Defendant's illegal actions, Plaintiff has suffered actual damages and out-of-pocket loss, including, loss of productive time.

43. As a direct result of Defendant's illegal actions, Plaintiff has also suffered personal embarrassment, feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, and other negative and upsetting emotions, which continue until the present day.

44. Defendant's actions of revealing sensitive financial information to a third party invaded Plaintiff's privacy, intruded upon her seclusion and were defamatory in nature resulting in reputational harm and emotional distress. The FDCPA and RFDCPA each protects Plaintiff's privacy rights with respect to the alleged debt.

- 7 -
COMPLAINT

45. The unauthorized disclosure of the amount of the debt alleged to be owed by Plaintiff to a third party is a concrete injury and resulted in the public disclosure of private facts to which Plaintiff had a legal right under the FDCPA and RFDCPA to keep private.

46. The injuries alleged herein (actual damages, emotional distress, privacy invasion, reputational harm) was directly caused by the Defendant's conduct. This harm can be remedied by statutory damages and/or actual damages, as authorized under the FDCPA and RFDCPA.

47. Defendant's violations alleged herein were willful and knowing as Defendant knew it was not emailing Plaintiff about the alleged debt (especially since the email address had another individual's name in the address itself, which made it readily apparent it was not Plaintiff's email), yet Defendant intentionally disregarded its obligations under the FDCPA and RFDCPA and disclosed private information about Plaintiff.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

//
//

## COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

53. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 11, 2025

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:/s/ *David J. McGlothlin, Esq.*
DAVID J. MCGLOTHLIN, ESQ.
PAMELA E. PRESCOTT, ESQ.
ATTORNEYS FOR PLAINTIFF